IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERTO CEDENO,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>STATE OF MONTANA, BUREAU OF PRISONS AND PAROLE, DAN O'FALLON,<br><br>　　　　Respondents. | CV 17-57-H-BMM-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 19, 2017, Roberto Cedeno filed a Writ of Habeas Corpus with this Court; however, the matter was captioned for the Montana Supreme Court. (Doc. 1). Mr. Cedeno was ordered to clarify whether or not he actually intended to file in this Court; he was also provided with the Court's standard habeas form and the form motion to proceed in forma pauperis. (Doc. 2). Mr. Cedeno was informed that if he failed to comply with the Court's order, the matter would be dismissed. *Id*. at 2. Mr. Cedeno has not complied. Based upon Mr. Cedeno's failure to comply, this matter should be dismissed under Rule 41(b) of the Federal Rules of

1

Civil Procedure.

This Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ.P. 41(b) for failure to prosecute and failure to comply with court orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *see also Pagtalunan v. Galaza*, 291 F. 3d 639, 640 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (affirming dismissal of § 2254 habeas petition because of petitioner's failure to comply with court orders). Because dismissal is a harsh penalty, the Court must weigh the following five factors when considering whether to dismiss for failure to comply with Court orders: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Pagtalunan,* 291 F. 3d at 642.

"The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990). "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Given Cedeno's failure to comply with the

2

Court's order and to participate in his case, this factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F. 3d at 642. The Court cannot manage its docket if Mr. Cedeno refuses to comply with the Court's orders. Mr. Cedeno's case has consumed time that could have been spent on other cases on the docket. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Respondents. In some cases "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant." *In re Eisen*, 31 F. 3d 1447, 1452-53 (9th Cir. 1994). Because Cedeno has not attempted to comply with this Court's order or provided a basis for his failure to respond in a diligent manner, the prejudice element also favors dismissal.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such

alternatives prior to dismissal. *Id*. Mr. Cedeno was made aware of his obligation and afforded the opportunity to comply. (Doc. 2). Mr. Cedeno has not responded. Thus, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). Yet, in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for Cedeno's failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATION

1. This matter should be DISMISSED pursuant to Rule 41(b) fo the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO**

## OBJECT

Mr. Cedeno may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Cedeno must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of July 2017.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.